ACCEPTED
1-14-00438
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/27/2015 7:37:30 PM
CHRISTOPHER PRINE
CLERK

# COURT of APPEALS
## FIRST DISTRICT COURT OF TEXAS
### HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/27/2015 7:37:30 PM

CHRISTOPHER A. PRINE
Clerk

DON R. JOHNSON AND FREDDIE L. OLIVER   (
APPEALLANTS   (
   (
V.   (
   (   CASE: 01-14-00438-CV
   (   HONORABLE JUSTICES
   (
   (
   (
TEXAS SERENITY ACADEMY INC   (
D/B/A TEXAS SERENITY ACADEMY   (
CHARTER SCHOOL   (
 APPEALEE   (
   (

## APPEALLANTS DON R. JOHNSON AND FREDDIE L. OLIVER
## MOTION FOR REHEARING

## ISSUES PRESENTED FOR REVIEW

NOW COMES Appellants Don R. Johnson ("Johnson") and Freddie L. Oliver

("Oliver") files a motion to the First Court of Appeals respectfully requesting

Rehearing on the Appeals Court ruling issued March 12, 2015 on the issues

involving violation of the 14th Amendment, right to due process, which is listed

under TRCP 21 and 21(a) entitled Filing and Service Pleading and Motion and

TPRC Rule 165 a Dismissal for Want of Prosecution (DWOP) with Prejudice.

1

## STATEMENT OF FACTS

The First Court of Appeals affirmed the 215th Trial court's ruling of the Appellee's Motion of Summary Judgment. The court affirmed and stated that Appellants' Johnson and Oliver were late or did not file a timely response to Appellee's Motion of Summary Judgment. The 215 District and First Appeals courts used the April 2, 2014 as listed on the docket as the presumptive date Appellants were served. Pursuant TRCP Rule 21 (With rule 21 revised to incorporate rules for electronic filing, in accordance with the Supreme Court's order-Misc.Docket No.12-9206, amended by Misc.Docket Nos. 13-9092 and 13-914- mandating electronic filing in civil case beginning on January 1, 2014 for attorneys):

 FILING AND SERVING PLEADING AND MOTIONS: (a) Filing and Service Required. Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefore, must set forth the relief or order sought, <u>and at the same time a true copy must be served on all other parties, and must be noted on the docket.</u>

(d). Certificate of Service: The party or attorney of record must certify to the court compliance with this rule in writing over signature on the filed pleading, plea, motion, or application.

(f)(1) Document Filed Electronically. A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

(2) Proof of Non-Service: Nothing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deem just.

(f)(3); Mechanism. Electronic filing must be done through the electronic filing manager established by the Office of Court Administration and an electronic filing service provider certified by the Office of Court Administration.

## ARGUMENT

Appellants Don R. Johnson and Freddie L. Oliver alleged that their constitutional right's to due process under the 14th Amendment was violated on April 2, 2014. They were deprived of their right to be legally served and to appear and defend themselves in the 215th District court. The purpose of services of pleadings, pleas, petitions, motions is to satisfy due-process requirements, and to give the defendants the opportunity to appear and defend, (Cockrell v. Estevez, 737 S.W.2d 138, 140 (Tex.App-San Antonio 1987, no writ). A judgment cannot be rendered against a defendant unless the defendant was served Pursuant to TRCP Rule 124 (No Service - No Judgment).  See Werner v. Colwell, 909 S.W.2d 866,869-70 (Tex.1995) and Mapco, Inc. v. Carter, 817 S.W.2d 686,687 (Tex.1991). Appellee Texas Serenity Academy Inc. filed a motion of Summary Judgment and 50 exhibits, with Notice of Hearing and proposed order electronically through the use of the mandatory filing manager on April 2, 2014 and wrongfully served Mr. Johnson and Oliver through their former attorney Mr. Ricardo Guerra. When Mr. Guerra received the electronically filed documents served on him April 2, 2014 he responded to Ms. Tina Andrews the attorney in charge for Texas Serenity Academy: He made the following emailed statement:

4.

"Tina, we have been granted a motion to withdraw for Mr. Johnson and we have filed our agreed motion to withdraw for Mr. Oliver. Please ensure that all parties receive your correspondence during this transition period." (See doc#60098169)

Ms. Andrews' emailed reply to Mr. Guerra:

"Rick, Thanks for letting me know. I knew about the withdrawal from Johnson but since the motion has not been granted for Oliver I sent the documents to you. Please let me know when the motion to withdraw from Oliver has been granted and I will serve him at that time with any subsequent filings. FYI-The court did not send notice regarding the order on Johnson, I only found out after calling".

"Gentlemen,

Attached and in subsequent emails are the followings: (1) Notice of Hearing, (2) Motion for Summary Judgment (Previously sent to Guerra but not Johnson), (3) Proposed Order, (4) Exhibits (some will be in a subsequent email)". The Motion of Summary Judgment, attachments and order were all sent from TSA's, Inc. Counsel's personal email tina.andrews26@gmail.com and not from an electronic filing service provider certified by the Office of Court Administration as mandated in the revised Rule 21 in accordance with Supreme Court's order

5.

amended by Misc. Docket Nos.13-9092 and 13-9164.

The court record reflects that the 215th District court signed the order releasing Mr. Guerra as attorney representing Mr. Johnson on March 20, 2014 and notified all parties. TSA, Inc. served Mr. Guerra 13 days after he had been released as attorney for Mr. Johnson on this case. (See doc#60098169).

The court record reflects that the 215th District court signed the order releasing Mr. Guerra as attorney representing Mr. Oliver on April 1, 2014 and notified all parties. (See doc#60244165)

To sum up these statements on April 2, 2014 when Ms. Andrews served Mr. Guerra with TSA's motion of Summary Judgment he had already been released by 215th District court from representing both of these Appellants and had no further obligation to his former clients with regards to this case in District court 215, TSA v Don R. Johnson et AL nor did he obligate himself to notify the Appellants with any information concerning this case upon his withdrawal as Counsel for the Appellants. Mr. Guerra merely carbon copied his correspondence with Ms. Andrews on April 2, 2014 to the Appellants and had no further contact with the Appellants from that day forth.

The facts clearly show that TSA, Inc. did not serve Appellants Johnson and Oliver

6.

as required by law. Pursuant to TRCP 21 (a) Filing and Service Required. Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefore, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket. The email sent from TSA's Counsel entitled to: "Gentlemen" concerning the attached and subsequent emails did not come from a mandated electronic filing service provider certified by the Office of Court Administration. TSA, Inc. never made the court aware that Ms. Andrews did not properly serve either of these Pro se Appellants on April 2, 2014 through the mandated electronic filing service provider certified by the Office of Court Administration. TSA, Inc. filed a Certificate of Service on April 2, 2014 certifying that Appellants Don R. Johnson and Freddie L. Oliver were served TSA's, Inc. motion of Summary Judgment to include: (1) Notice of Hearing, (2.) Proposed Order, and (3.) 50 Exhibits. Pursuant to TRCP 21 (d) Certificate of Service: The party or attorney of record must certify to the court compliance with this rule in writing over signature on the filed pleadings, plea, motion, or application. This presents a created

7.

presumption that a properly sent document was received by the addressee. In accordance with the Supreme Court's order-Misc. Docket No. 12-9206, amended by Misc. Docket Nos.13-9092 and 13-9164- mandated electronic filing in civil cases by all Harris County attorneys began on January 1, 2014. A document filed electronically under Rule 21 must be served electronically through the electronically filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. Pursuant to the Texas Supreme Court order it is not mandated that a Pro se file or receive service electronically. A Pro se has an option not to register his email address with the electronic filing manager. On November 15, 2013, Appellant Johnson exercised his option as a Pro se and updated his address and contact information with the 215th District clerk stating that all notices to be served to him were to be served to his address by U.S mail. On February 24, 2014, Appellant Oliver exercised his option and filed an updated address and contact information with the 215th District clerk giving the same instruction for his address. Therefore, the only person that was registered with the electronic file manager on April 2, 2014 to receive the April 2, 2014 electronically service of the TSA's Inc. motion of Summary Judgment and it attachments was the former attorney for Appellants Johnson and Oliver.

8.

Pursuant to TRCP 21 (e) Proof of Non-Service:  Nothing herein shall preclude any party from offering proof that the document was not received. On April 29, 2014 Appellant Johnson filed a notice with the court entitled Non Receipt of TSA's Inc. motion for Summary Judgment (doc. #60602150) with an affidavit in a supplement affirming to the court that he was not served TSA's, Inc. motion of Summary judgment on April 2, 2014 electronically through the mandatory certified filing manager by TSA's, Inc. attorney in charged (doc. #60602151). Texas courts have ruled presumption of receipt in TRCP 21a disappears when verified evidence is introduced that the documents were not received. See *Wembley Inv v. Herra*, 11 S.W.3d 924,927 (Tex.1999) (attorneys provided affidavits stating they never received non-suit motion or judgment).

 Non-Service of Notice of Hearing: On May 12, 2014 Appellant Johnson filed a Defendant's challenge of Texas Serenity Academy's Inc., Notice of Summary Judgment Hearing and included another affidavit (doc. #60762822) stating that this Pro se Defendant was never served a notice of TSA, Inc. Summary Judgment Hearing pursuant to TPRC 21(b). *Cliff v. Huggins*, 724 S.W 2d 788,779-80 (Tex.2005) (party and attorney swore they did not receive notice of trial settings).

9.

On May 9, 2014 Appellant Oliver filed a notice with the court titled Non Receipt of TSA's Inc. motion for Summary Judgment with an affidavit stating he was never served TSA's Inc. motion of Summary Judgment electronically or otherwise on April 2, 2014 or any other day nor by any method even unto this very day. (Doc. #60762822). See *Wembley Inv v. Herra*, 11 S.W.3d 924,927 (Tex.1999) (attorneys provided affidavits stating they never received non-suit motion or judgment): Subsequently, on May 14, 2014 Appellant Oliver filed a Defendant's challenge of Texas Serenity Academy's Inc., Notice of Summary Judgment Hearing and included another affidavit (doc. #60792537) stating that this Pro se Defendant was never served notice of Summary Judgment Hearing pursuant to TPRC 21(b) on April 2, 2014 or any other day electronically or otherwise nor by any other method even to this very day as well. *Cliff v. Huggins*, 724 S.W 2d 788,779-80 (Tex.2005) (party and attorney swore they did not receive notice of trial settings). Therefore, the filing of these affidavits in 215th District Trial court made the court aware of the 14th Amendment violation of Non receipt of TSA's, Inc. motion of Summary Judgment and Non service of Notice of TSA's, Inc.

Summary Judgment hearing by Appellants Johnson and Oliver prior to 215th court granting the Order for Interlocutory Summary Judgment motion to TSA, Inc. on May 19, 2014 (doc#60865954) and its' Final Order on June 6, 2014. Texas case law suggests and courts have ruled that to prove that a document was not received; a party can present sworn testimony that the defendant parties did not received the document as certified by sender. The Pro se parties Appellant Johnson and Oliver followed established legal protocol that the law required to prove Non receipt.

**<u>DISMISSAL FOR WANT OF PROSECUTION</u>:**

The First Appeals Court correctly cited TRCP Rule 165a (1) for justification of a Dismissal for Want Of Prosecution case, however, this rule does not support the affirmation made by the First Appeals Court of 215 District court DWOP with a Prejudice ruling. Failure to prosecute or to appear does not support dismissal with prejudice. Because a Dismissal for Want of Prosecution is not a trial on the merits, a take nothing judgment, which is equivalent of a dismissal with prejudice, is inappropriate. *Attorney Gen. v. Abbs*, 812S.W.2d605, 608 (Tex.App.-El Paso 2005, no pet); See *Dick Poe Motors, Inc. v. DaimlerChrysler Corp.*, 169 S.W.3d 478,484-85 (Tex.App.-El Paso 2005, no pet.); *Maldonado v. Puente*, 694

11.

S.W.2d 86, 92 (Tex.App.-San Antonio 1985, no writ). As the court is aware, a Dismissal for Want of Prosecution with Prejudice to refilling is a final determination on the merits. Mossler v. Shield, 818 S, W.2d752, 754 (Tex.1991); See Garcia-Marroquin v. Nueces Cty.BailBond Bd., 1 S.W.3d 366,379 n.8 (Tex.App.-CorpusChristi 1999, no pet). Such a Dismissal has full res judicata and collateral-estoppels effect, barring relitigation of the same cause of action or issues between the same parties.

In addition, Appellants Johnson and Oliver were represented by an attorney until March 20, 2014 (Johnson) and April 1, 2014 (Oliver) respectfully. The First Appeals court cited in its ruling that on April 2, 2014, the 215 District court sent a notice to the parties declaring that: "This case is set for TRIAL for the TWO WEEK Period BEGINNING 06-02-14. If the case has not been reached by the second Friday after this date, the trial will be reset. The PARTIES are ORDERED to appear for DOCKET CALL on 05-27-14 at 9:00AM". It is the Appellants Don R. Johnson's and Freddie L Oliver's statement that they did not receive this April 2, 2014 notice. The First Appeals court does not state a method of how this notice was served. Appellants Johnson and Oliver did not register with the certified filing manager as Pro se to receive notices electronically. On April 2, 2014 all notices

12.

were still being sent to Appellants' former attorney. Appellant Johnson made an effort to verify with 215th District court whether Docket call was still on the docket and were informed that it was not. Appellant Johnson filed an Appeal for Dismissal for Want of Prosecution and a Voluntary motion for Rehearing and Reinstatement on June 6, 2014 (doc#61107683). In addition, pursuant to TRCP 165a and 306a (5) Appellants appeal was made within 9 days from the 215th District court's ruling on this matter. As a matter of law, Appellants had 20 days to respond to this order. Appellant Johnson filed a motion in his appeal that requested that this case be reinstated and set for trial. This motion was served to each attorney of record and each party not represented by attorney. Pursuant to TRCP 165a (3) the clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The 215th Court erred in not complying with this law. The court failed to allow Appellant Johnson a hearing as required by law and on June 6, 2014 signed a final order on DWOP with Prejudice.

PRAYER:

Appellants Johnson and Oliver pleads with the Court to correct the mistakes it made in affirming the 215th District Trial court's ruling on the issue of the Motion

13.

of Summary Judgment and specifically the TRCP 21a and the Dismissal of the Want of Prosecution judgment with Prejudice. The Appellants have now given the First Appeals court a more developed explanation of the facts that shows these Appellants were not properly served as required by the revised 21a order by the Texas Supreme Court effective January 1, 2014. Appellant Johnson did not have a modern computer to accept or open documents with large attachment and the Supreme Court revision of TRCP 21a gave Pro se the option to not register their email address with the certified file manager to receive e-service. In addition, Appellant Oliver does not own a computer and receive all of his email via cell phone which cannot open large attachment commonly found in a court cases. Appellant Oliver's cell phone was stolen in a robbery. Because of the injuries he sustained in the robbery did not even see the email correspondence between Mr. Guerra and Ms. Andrews until much later due to his health issues. As the court is aware, failure to properly serve these Appellants cause jurisdiction issues and then to miss and be unaware of a deadline and hearings that they did not know were scheduled or deadlines had started before they were properly served with all the documents that was required to be use in their timely response. This failure to Serve and misrepresent to the court that

14.

these Appellants had been Served on April 2, 2014, when it was entirely false cause undue harm to each of them and their families. On April 3, 2014 Appellant Johnson received a personal email from TSA's, Inc. Counsel that was corrupted with a virus and could not be open. On April 15, 2014 TSA, Inc. acknowledged by their attorney Ms. Andrews had sent attachments in this case that could not be open. She stated she was sending them again. None of these emails were by the mandated certified file manager. Mr. Johnson requested that TSA's, Inc. Counsel comply with his request filed on November 15, 2013 with the 215th District court clerk and noticed her and all parties to serve him by mail at his mailing address. On April 25, 2014 TSA's Inc. Counsel finally complied with Appellant Johnson's request 14 days later and deposited the Motion in the mail with missing exhibits not matching what she filed with the court on April 2, 2014. The documents were mailed 3 days after the 21 days had expired for responding to the April 2, 2014 alleged Service. Appellant should have had 21 days to respond to Appellee's Motion of Summary Judgment. Appellant Johnson filed his response by mail on April 16, 2014. Appellant Oliver was never served the TSA's, Inc. motion of Summary Judgment with attachments by any method nor the Notice of Hearing. The court overlooked that the notice of the Summary Judgment Hearing was one

15.

of the attachments in the April 2, 2014 filed motion that neither Appellant received. It was never served on Appellants Johnson or Oliver. It was not included in the April 25, 2014 attachments.  It is clear, that Mr. Guerra's correspondence to Ms. Andrews' email was self explanatory. The onus was on Ms. Andrews to Service the clients he no longer represented as he did not. Based on legal consultation with Appeal Counsel, Appellants Johnson and Oliver pray that the First Court of Appeals corrects its mistake and modify the court's opinion issued on March 12, 2015, pursuant to TRCP Rule 21a Service of documents and TRCP 165a DWOP with Prejudice. Reverse the District 215 Trial court's Final judgment on TRCP 21a and its' DWOP with Prejudice and remand the case back to 215th District court for a trial.

RESPECTFULLY SUBMITTED

DON R. JOHNSON, *PRO SE*
APPELLANT
25619 Alp Springs
SPRING, TEXAS 77373
832-444-4834

FREDDIE L. OLIVER, PRO SE
AAPPELLANT
11006 LONG GATE
HOUSTON, TEXAS 77047
713-385-9720

## Certificate of Service

I Don R. Johnson, Pro se and Freddie L. Oliver hereby certify that on March 27, 2015 a notice of this Request for Rehearing was sent to Texas Serenity Academy Inc. d/b/a Texas Serenity Academy Charter School through the organization's attorney, Ms. Tina M. Andrews by U.S. mail.

**Texas Serenity Academy**
Tina M. Andrews
P.O. Box 655
Bellaire, TX 77402
E-mail: tina.andrews26@,gmail.com


**Don R. Johnson**                          **3/27/2015**


**Freddie L. Oliver**                        **3/27/2015**


Date:    3/27/2015

17.

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), we hereby certify that this Motion of Rehearing contain 3,432 words, exclude the words not included in the word count pursuant to Texas Rule of Appellate Procedure 9.4(i)(1). This is a computer generated document created in Microsoft word, using 14-point type face for all text. In making this certificate of compliance, we are relying on the word count provided by the software used to prepare the document.

**APPENDIX**

1.  E-Mail date 3/16/2015: Correspondence between attorneys

2.  E-Mail date 4/2/2014: Correspondence between attorneys

3.  Harris County District Clerk Docket: Pages 9-13

## Re: Service of documents

People

Tina Andrews

To  Rick Guerra, KelEvans@aol.com                                    Apr 2 2014

CC  me, Freddie L. Oliver Jr.

Rick,

Thanks for letting me now. I knew about the withdrawal from Johnson but since the motion has not been granted for Oliver I sent the documents to you. Please let me know when the Motion to withdraw from Oliver has been granted and I will serve him at that time with any subsequent filings.

FYI- The court did not send notice regarding the order on Johnson. I only found out after calling.

Tina Andrews
Attorney at Law
P.O. Box 655
Bellaire, Texas 77402
Tel. 832-647-5970
Fax  832-550-2516
Tina.Andrews26@gmail.com

This e-mail message and any attachment is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential, including attorney-client communications and attorney work product that is protected from disclosure under applicable law. **This is a confidential attorney communication and is intended solely for the individual(s) to whom it is addressed, and may not be forwarded, copied or disclosed to any other party for any reason.** If you are not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you must delete this message and any copy of it, in any form, without disclosing it. You are hereby warned that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by reply email to Tina.andrews26@gmail.com and delete or destroy all copies of the original message and attachments and backups thereto. Thank you.

From: Rick Guerra <rick@rickguerra.com>
Date: Wednesday, April 2, 2014 at 5:34 PM
To: Tina Andrews <tina.andrews26@gmail.com>, "KelEvans@aol.com" <kelevans@aol.com>
Cc: djohnson <airlin12036@yahoo.com>, "Freddie L. Oliver Jr." <floliverjr2000@yahoo.com>
Subject: Re: Service of documents

Tina,

We have been granted a motion to withdraw for Mr. Johnson and we have filed our agreed motion to withdraw for Mr. Oliver. Please ensure that all parties receive your correspondence during this transition period.

Rick

On Wed, Apr 2, 2014 at 3:46 PM, Tina Andrews <tina.andrews26@gmail.com> wrote:
Gentlemen,

Attcahed and in subsequent emails are the following:

1. Notice of hearing
2. Motion for Summary Judgement (Previously sent to Guerra but not Johnson)
3. Proposed Order
4. Exhibits (some will be in a subsequent email)

Tina Andrews
Attorney at Law

3/16/2015

Rick GuerraTina, We have been granted a motion to withdraw for Mr. Johnson and we have filed our agreed motion to withdraw for Mr. Oliver. Please ensure that all parties receive your correspondence during this t

To Tina AndrewsKelEvans@aol.comMe and 1 More...

Apr 2

Tina,

We have been granted a motion to withdraw for Mr. Johnson and we have filed our agreed motion to withdraw for Mr. Oliver. Please ensure that all parties receive your correspondence during this transition period.

Rick

Tina AndrewsRick, Thanks for letting me now. I knew about the withdrawal from Johnson but since the motion has not been granted for Oliver I sent the documents to you. Please let me know when the Motion to withdr

To Rick GuerraKelEvans@aol.comMe and 1 More...

Apr 2

Rick,

Thanks for letting me now. I knew about the withdrawal from Johnson but since the motion has not been granted for Oliver I sent the documents to you. Please let me know when the Motion to withdraw from Oliver has been granted and I will serve him at that time with any subsequent filings.

FYI- The court did not send notice regarding the order on Johnson. I only found out after calling.

Tina Andrews
Attorney at Law
P.O. Box 655
Bellaire, Texas 77402
Tel. 832-647-5970
Fax 832-550-2516
Tina.Andrews26@gmail.com

**This e-mail message and any attachment is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged or confidential, including attorney-client communications and attorney work product that is protected from disclosure under applicable law. This is a confidential attorney communication and is intended solely for the individual(s) to whom it is addressed, and may not be forwarded, copied or disclosed to any other party for any reason. If you are not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you must delete this message and any copy of it, in any form, without disclosing it. You are hereby warned that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by reply email to Tina.andrews26@gmail.com**

| | | Post Jdgm | |
|---|---|---|---|
| 61107683 | Defendant Johnson Appeal of Dismissal for Want of | 06/06/2014 | 7 |
| 61116919 | motion to request ruling of the court | 06/06/2014 | 3 |
| -> 61116920 | proposed order | 06/06/2014 | 3 |
| 61019231 | plaintiffs texas serenity academy inc, michelle foreman, larry jenkins, hagmon simmons, maribel vite-gress, johnny jackson and marcia rowe's joint motion for entry of final judgment | 06/02/2014 | 3 |
| 61019233 | proposed Final Judgment | 06/02/2014 | 4 |
| 61019234 | Notice of Submission | 06/02/2014 | 2 |
| 61014512 | Notice of Appeal | 05/30/2014 | 3 |
| 61016313 | City of Houston and the Individual City Defendants' Motion for Entry of Order | 05/30/2014 | 2 |
| 61016314 | exhibit 01 | 05/30/2014 | 22 |
| 61016315 | proposed Order | 05/30/2014 | 2 |
| 60996212 | Notice of Appeal | 05/29/2014 | 3 |
| 60960206 | proposed Order of Dismissal | 05/28/2014 | 1 |
| 60969985 | PARTIAL DISMISSAL OTHER ORDER SIGNED | 05/28/2014 | 1 |
| 60961923 | envelope return mail undeliverable | 05/27/2014 | 1 |
| -> 60961928 | Notice | 05/27/2014 | 1 |
| 60901021 | ORDER OF PARTIAL NONSUIT SIGNED | 05/21/2014 | 2 |
| 60870763 | texas serenity academy inc's nonsuit against don r. johnson and freddie l. oliver | 05/20/2014 | 2 |
| 60870764 | proposed Order of Nonsuit | 05/20/2014 | 1 |
| 60877216 | Notice of Non-suit | 05/20/2014 | 2 |
| 60877218 | proposed Order Granting Non-suit | 05/20/2014 | 2 |
| 60877653 | ORDER OF PARTIAL NONSUIT SIGNED | 05/20/2014 | 1 |
| 60851409 | proposed order granting texas serenity academy inc's motion for summary judgment | 05/19/2014 | 3 |
| 60851601 | filing letter | 05/19/2014 | 1 |
| 60851602 | affidavit of tina andrews | 05/19/2014 | 2 |
| 60865954 | ORDER FOR INTERLOCUTORY SUMMARY JUDGMENT SIGNED | 05/19/2014 | 3 |
| 60866746 | defendant don r. johnson response to plaintiff tsa motion for summary judgment and motion to dismiss defendant claim | 05/19/2014 | 21 |
| -> 60866897 | Envelope | 05/19/2014 | 1 |
| -> 60866749 | exhibit 01 | 05/19/2014 | 4 |
| -> 60866751 | exhibit 02 | 05/19/2014 | 7 |
| -> 60866758 | exhibit 03 | 05/19/2014 | 4 |
| -> 60866772 | exhibit 04 | 05/19/2014 | 9 |
| -> 60866780 | exhibit 05 | 05/19/2014 | 3 |
| -> 60866785 | exhibit 06 | 05/19/2014 | 4 |
| -> 60866786 | exhibit 07 | 05/19/2014 | 4 |
| -> 60866790 | exhibit 08 | 05/19/2014 | 7 |
| -> 60866791 | exhibit 09 | 05/19/2014 | 2 |
| -> 60866796 | exhibit 10 | 05/19/2014 | 2 |
| -> 60866805 | exhibit 11 | 05/19/2014 | 9 |
| -> 60866811 | exhibit 12 | 05/19/2014 | 3 |
| -> 60866814 | exhibit 13 | 05/19/2014 | 3 |
| -> 60866819 | exhibit 14 | 05/19/2014 | 5 |
| -> 60866820 | exhibit 15 | 05/19/2014 | 2 |
| -> 60866834 | exhibit 16 | 05/19/2014 | 8 |

| | | | | |
|---|---|---|---|---|
| -> 60866845 | exhibit 17 | | 05/19/2014 | 15 |
| -> 60866858 | exhibit 18 | | 05/19/2014 | 22 |
| -> 60866859 | exhibit 19 | | 05/19/2014 | 4 |
| -> 60866860 | exhibit 20 | | 05/19/2014 | 3 |
| -> 60866861 | exhibit 21 | | 05/19/2014 | 2 |
| -> 60866862 | exhibit 22 | | 05/19/2014 | 2 |
| -> 60866864 | exhibit 23 | | 05/19/2014 | 5 |
| -> 60866867 | exhibit 24 | | 05/19/2014 | 10 |
| -> 60866871 | exhibit 25 | | 05/19/2014 | 2 |
| -> 60866875 | exhibit 26 | | 05/19/2014 | 11 |
| -> 60866877 | exhibit 27 | | 05/19/2014 | 4 |
| -> 60866880 | exhibit 28 | | 05/19/2014 | 3 |
| -> 60866883 | exhibit 29 | | 05/19/2014 | 6 |
| -> 60866888 | exhibit 30 | | 05/19/2014 | 4 |
| -> 60866891 | exhibit 31 | | 05/19/2014 | 4 |
| -> 60866892 | exhibit 32 | | 05/19/2014 | 3 |
| -> 60866896 | Filing letter | | 05/19/2014 | 1 |
| -> 60866747 | table of content | | 05/19/2014 | 2 |
| 60792537 | Defendant's Enforcement of Tex.R.C.P. of Rule 21a from Texas Serenity Academy Inc. Notice of Summary Judgment Hearing | | 05/14/2014 | 3 |
| 60762822 | Defendant's Challenge of Texas Serenity academy Inc. Notice of Summary Judgment Hearing | | 05/12/2014 | 3 |
| 60739001 | counter plaintiff petition of larry jenkins, hagmon simmons and michelle foreman non receipt of no evidence summary judgment and affirmative defense motions | | 05/09/2014 | 5 |
| -> 60739002 | Proposed Order | | 05/09/2014 | 2 |
| 60739004 | non receipt of tsa motion for summary judgment | | 05/09/2014 | 5 |
| -> 60739009 | Proposed Order | | 05/09/2014 | 2 |
| 60739012 | response to the response of counter defendants petition of larry jenkins, hagmon simmons and michelle foreman no evidence summary judgment extension fo time to respond | | 05/09/2014 | 8 |
| 60755972 | texas serenity academy's response to defendants complaint with attachments and motion to strike | | 05/09/2014 | 5 |
| -> 60755976 | exhibit a | | 05/09/2014 | 5 |
| -> 60749831 | Proposed order | | 05/09/2014 | 1 |
| 60727694 | larry jenkins', hagmon simmons' and michelle foreman's response to counter-plaintiff's request for additiional time | | 05/08/2014 | 4 |
| 60727697 | Proposed Order | | 05/08/2014 | 2 |
| 60727698 | filing letter | | 05/08/2014 | 1 |
| 60602148 | Counter Plaintiff's Motion for Additional Time to File Response to No Evidence Summary Judgment Counter Defendants Petition of Larry Jenkins, Hagmon Simmons and Michelle Foreman | | 04/29/2014 | 4 |
| 60602150 | Non Receipt of TSA Motion For Summary Judgment | | 04/29/2014 | 8 |
| 60602151 | Supplement to Non Receipt TSA Summary Judgment | | 04/29/2014 | 1 |
| 60585366 | counter plaintiff's motion for additional time to file response to counter defendant's larry kenkins, michelle foremean, and hagmon simmons' motion for no evidence summary judgment | | 04/28/2014 | 4 |
| -> 60585367 | Proposed Order | | 04/28/2014 | 2 |
| 60585368 | counter plaintiff's motion for additional time to file response to counter defendant texas serenity academy, inc's motion for summary judgment and motion to dismiss | | 04/28/2014 | 3 |
| -> 60585370 | Proposed Order | | 04/28/2014 | 3 |
| 60494054 | ORDER FOR INTERLOCUTORY SUMMARY JUDGMENT SIGNED | | 04/21/2014 | 2 |

| 60494055 | ORDER FOR INTERLOCUTORY SUMMARY JUDGMENT SIGNED | 04/21/2014 | 2 |
| 60338607 | Plaintiffs' Michelle Foreman, Johnny Jackson, Larry Jenkins, Marcia Rowe, Hagmon Simmons and Maribel Vite-Gress's Consent to Submit Case for Alternative Dispute Resolution | 04/08/2014 | 2 |
| 60301237 | Notice of Hearing | 04/04/2014 | 1 |
| 60301239 | Proposed Order | 04/04/2014 | 2 |
| 60264044 | plaintiff texas serenity academy, inc's motion for summary judgment and motion to dismiss defendants claims for defamation | 04/02/2014 | 16 |
| -> 60277838 | appendix of summary judgment evidence | 04/02/2014 | 3 |
| -> 60277840 | exhibit 01 | 04/02/2014 | 3 |
| -> 60277844 | exhibit 02 | 04/02/2014 | 3 |
| -> 60277845 | exhibit 03 | 04/02/2014 | 2 |
| -> 60277846 | exhibit 04 | 04/02/2014 | 2 |
| -> 60277847 | exhibit 05 | 04/02/2014 | 2 |
| -> 60277848 | exhibit 06 | 04/02/2014 | 2 |
| -> 60277849 | exhibit 07 | 04/02/2014 | 2 |
| -> 60277850 | exhibit 08 | 04/02/2014 | 2 |
| -> 60277851 | exhibit 09 | 04/02/2014 | 3 |
| -> 60277968 | exhibit 11 | 04/02/2014 | 2 |
| -> 60277970 | exhibit 12 | 04/02/2014 | 2 |
| -> 60277971 | exhibit 13 | 04/02/2014 | 2 |
| -> 60277973 | exhibit 14 | 04/02/2014 | 13 |
| -> 60277974 | exhibit 15 | 04/02/2014 | 8 |
| -> 60278010 | exhibit 16 | 04/02/2014 | 2 |
| -> 60278012 | exhibit 17 | 04/02/2014 | 2 |
| -> 60278015 | exhibit 18 | 04/02/2014 | 3 |
| -> 60278017 | exhibit 19 | 04/02/2014 | 3 |
| -> 60278018 | exhibit 20 | 04/02/2014 | 8 |
| -> 60278654 | exhibit 21 | 04/02/2014 | 2 |
| -> 60278655 | exhibit 22 | 04/02/2014 | 3 |
| -> 60278656 | exhibit 23 | 04/02/2014 | 2 |
| -> 60278660 | exhibit 24 | 04/02/2014 | 2 |
| -> 60278661 | exhibit 25 | 04/02/2014 | 2 |
| -> 60278662 | exhibit 26 | 04/02/2014 | 2 |
| -> 60278663 | exhibit 27 | 04/02/2014 | 2 |
| -> 60278664 | exhibit 28 | 04/02/2014 | 2 |
| -> 60278665 | exhibit 29 | 04/02/2014 | 2 |
| -> 60278666 | exhibit 30 | 04/02/2014 | 2 |
| -> 60279551 | exhibit 31 | 04/02/2014 | 3 |
| -> 60279552 | exhibit 32 | 04/02/2014 | 22 |
| -> 60279553 | exhibit 33 | 04/02/2014 | 4 |
| -> 60279554 | exhibit 34 | 04/02/2014 | 4 |
| -> 60279627 | exhibit 35 | 04/02/2014 | 2 |
| -> 60279628 | exhibit 36 | 04/02/2014 | 2 |
| -> 60279629 | exhibit 37 | 04/02/2014 | 2 |
| -> 60279630 | exhibit 38 | 04/02/2014 | 3 |
| -> 60279631 | exhibit 39 | 04/02/2014 | 3 |

| | | | |
|---|---|---|---|
| -> 60279632 | exhibit 40 | 04/02/2014 | 4 |
| 60264052 | NOTICE OF HEARING ON TEXAS SERENITY ACADEMY'S MOTION FOR SUMMARY JUSGMENT | 04/02/2014 | 3 |
| 60264062 | APPENDIX OF SUMMARY JUDGMENT EVIDENCE | 04/02/2014 | 3 |
| 60264101 | Trial Reminder Notice | 04/02/2014 | 6 |
| 60264204 | EXHIBIT 41-50 FOR TSA MOTION FOR SUMMARY JUDGMENT | 04/02/2014 | 1 |
| -> 60266209 | exhibit 41 | 04/02/2014 | 2 |
| -> 60266211 | exhibit 42 | 04/02/2014 | 2 |
| -> 60266212 | exhibit 43 | 04/02/2014 | 2 |
| -> 60266213 | exhibit 44 | 04/02/2014 | 2 |
| -> 60266214 | exhibit 45 | 04/02/2014 | 14 |
| -> 60266217 | exhibit 46 | 04/02/2014 | 3 |
| -> 60266218 | exhibit 47 | 04/02/2014 | 9 |
| -> 60266219 | exhibit 48 | 04/02/2014 | 3 |
| -> 60266220 | exhibit 49 | 04/02/2014 | 3 |
| -> 60266221 | exhibit 50 | 04/02/2014 | 3 |
| 60264226 | proposed order on texas serenity academy inc's motion for summary judgment | 04/02/2014 | 2 |
| 60264227 | letter regarding exhibit 10 | 04/02/2014 | 1 |
| 60264228 | EXHIBIT 10 | 04/02/2014 | 86 |
| 60244165 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 04/01/2014 | 3 |
| 60222747 | motion for withdrawal of counsel | 03/31/2014 | 3 |
| 60222748 | proposed order | 03/31/2014 | 3 |
| 60225468 | motion for withdrawal of counsel | 03/31/2014 | 3 |
| 60225469 | proposed order | 03/31/2014 | 3 |
| 60150935 | Notice of Submission | 03/25/2014 | 2 |
| 60122306 | Larry jenkins, hagmon simmons and michelle foremans motion for no evidence summary judgment | 03/24/2014 | 5 |
| 60122307 | Proposed order granting counter-defendants motion for no evidence summary judgment | 03/24/2014 | 2 |
| 60136316 | michelle foreman, larry jenkins & hagmon simmons motion for summary judgment on their affirmative defenses | 03/24/2014 | 15 |
| -> 60154519 | appendix-A | 03/25/2014 | 6 |
| -> 60154542 | appendix-B | 03/25/2014 | 3 |
| -> 60154546 | appendix-C | 03/25/2014 | 2 |
| -> 60154547 | appendix-D | 03/25/2014 | 55 |
| -> 60150933 | filing letter | 03/25/2014 | 1 |
| -> 60136325 | proposed Order Granting counter-defendants' Motion for Summary Judgment | 03/24/2014 | 2 |
| 60085072 | Motion for Withdrawal of Counsel | 03/20/2014 | 4 |
| 60085078 | Exhibit 1 | 03/20/2014 | 4 |
| 60085079 | Proposed Order | 03/20/2014 | 2 |
| 60098169 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 03/20/2014 | 2 |
| 60071686 | Texas Serenity Academy's Supplemental Response to Requests for Disclosure | 03/19/2014 | 4 |
| 59966045 | Complaint with Attachments for Disobedience of a Temporary Injunction | 03/10/2014 | 10 |
| 59966052 | Request Ruling on Counselor Withdrawal Motion Legal Service Termination Motion Revolk (sic) Docket Control Order | 03/10/2014 | 12 |
| 59966056 | Expert Witness | 03/10/2014 | 12 |
| 59816053 | texas serenity academy's amended answer and affirmative defenses to defendants don r. johnson and freddie oliver's first amended counterclaim | 02/26/2014 | 8 |
| 59770394 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 02/24/2014 | 1 |

| 59770402 | notice of change of address | 02/24/2014 | 1 |
| 59435944 | Case Management Notice | 01/28/2014 | 6 |
| 59344639 | Subpoena return | 01/21/2014 | 4 |
| 59344641 | Subpoena return | 01/21/2014 | 3 |
| 59344642 | Subpoena return | 01/21/2014 | 3 |
| 59344644 | Subpoena return | 01/21/2014 | 3 |
| 58487387 | motion to terminate legal representation | 11/27/2013 | 3 |
| -> 58487388 | Proposed Order | 11/27/2013 | 1 |
| 58314492 | update of mailing address and contact information | 11/15/2013 | 2 |
| 58315208 | FREEfax Cover Sheet | 11/15/2013 | 1 |
| 57987498 | Order of Remand | 10/25/2013 | 4 |
| -> 57987500 | Envelope | 10/25/2013 | 1 |
| 51464843 | Texas Serenity Academys' Answer and Affirmative Defenses to Don R Johnsons' Countersuit Second Amended Pleading | 02/27/2012 | 7 |
| -> 51466089 | FREEfax Cover Sheet | 02/27/2012 | 1 |
| 51452837 | Exhibit C | 02/24/2012 | 3 |
| -> 51452838 | Defendant's Notice of Removal | 02/24/2012 | 5 |
| 51544357 | Citation | 02/24/2012 | 2 |
| 51544358 | Citation Corporate | 02/24/2012 | 1 |
| 51544359 | Citation | 02/24/2012 | 1 |
| 51544360 | Citation | 02/24/2012 | 1 |
| 51544361 | Citation | 02/24/2012 | 1 |
| 51396671 | defendants' answer to plaintiffs' fourth amended petition | 02/20/2012 | 4 |
|  | defendants' answer to plaintiffs' fourth amended petition | 02/20/2012 | |
|  | defendants' answer to plaintiffs' fourth amended petition | 02/20/2012 | |
| 51343045 | ORDER SIGNED DENYING MOTION TO SHOW AUTHORITY | 02/14/2012 | 7 |
| 51330191 | Proposed Order | 02/13/2012 | 1 |
| -> 51330190 | Exhibit A - Business Record Affidavit | 02/13/2012 | 6 |
| -> 51330585 | FREEfax Cover Sheet | 02/13/2012 | 1 |
| 51308902 | Texas Serenity Academy Inc.'s Response to Don R Johnsons' Motion to Show Authority | 02/10/2012 | 4 |
| -> 51308931 | FREEfax Cover Sheet | 02/10/2012 | 1 |
| -> 51308903 | Texas Serenity Academy Board meeting Minutes December 9, 2010 | 02/10/2012 | 3 |
| 51314486 | ORDER SIGNED DENYING MOTION TO SHOW AUTHORITY | 02/10/2012 | 1 |
| 51302161 | michelle foreman's, johnny jackson's, larry jenkins', maribel vite-gress's, marcia rowe's and hagmon simmons' response to don r. johnson's motion to show authority | 02/09/2012 | 7 |
| -> 51298065 | Cover letter | 02/09/2012 | 1 |
| -> 51302162 | exhibit a | 02/09/2012 | 10 |
| -> 51298064 | Proposed Order | 02/09/2012 | 1 |
| 51312272 | response to motion to compel | 02/08/2012 | 21 |
| 51208720 | Notice of Hearing | 01/31/2012 | 1 |
| -> 51208855 | FREEfax Cover Sheet | 01/31/2012 | 1 |
| 51209143 | Proposed Order | 01/31/2012 | 1 |
| -> 51210353 | FREEfax Cover Sheet | 01/31/2012 | 1 |
| 51188036 | motion to show authority | 01/27/2012 | 6 |
| 51130846 | reporter's certification for the oral deposition of kori free december 6, 2011 | 01/24/2012 | 5 |
| -> 51131064 | FREEfax Cover Sheet | 01/24/2012 | 1 |
| 51208604 | Civil Bureau Process Pick-Up Form | 01/23/2012 | 1 |